CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 1 3 2005

JOHN F. CORCORAN, CLERK
BY:
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| PAMELA R. JAMIESON, | ) | Civil Action No. 7:05CV00165 |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM OPINION AND ORDER |
| VALLEY BANK, *and* VALLEY FINANCIAL CORP., | ) | By: The Honorable James C. Turk Senior United States District Judge |
| Defendants. | ) | |

The plaintiff, Pamela R. Jamieson brought this action under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, against the defendants, Valley Bank and Valley Financial Corp. This case is before the Court on a Motion to Dismiss for Failure to State a Claim under Fed. R. Civ. P. 12(b)(6) filed by defendant, Valley Financial Corp. Upon consideration of the arguments, the Court hereby **Denies** defendant's motion to dismiss.

I.

The plaintiff, Pamela R. Jamieson ("Jamieson") alleges in her complaint that she was discriminated and retaliated against by the defendants, Valley Bank and Valley Financial Corp. ("Valley Financial"), in violation of Title VII. Jamieson worked as a control service clerk for Valley Bank. Jamieson alleges that she was not given a promotion or transfer to another position and that her work was impeded by Valley Bank employees after she had complained of sexual harassment in the workplace. She then alleges that she was terminated because she was pregnant.

The plaintiff filed a timely charge with the Equal Employment Opportunity Commission ("EEOC"). A right-to-sue letter was subsequently issued to the plaintiff and this suit was filed.

In the complaint, it is alleged that Valley Financial owns and manages Valley Bank. In addition, plaintiff alleges Valley Financial "is substantially and functionally identical" to Valley Bank. *See* Complaint at 2.

## II.

Dismissal under Rule 12(b)(6) is improper "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct 99, 2 L. Ed. 2d 80 (1957). In considering a motion to dismiss, the court accepts as true all well-pleaded allegations in the complaint in the light most favorable to the plaintiff while drawing all reasonable factual inferences from those facts in the plaintiff's favor. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999); Mylan *Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). The function of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint and not the facts that support it. *Neitzke v. Williams*, 490 U.S. 319, 326-27, 109 S. Ct. 1827, 104 L.Ed.2d 338 (1989). The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974), *overruled on other grounds by Davis v. Scherer*, 468 U.S. 183, 104 S. Ct. 3012, 82 L. Ed. 2d 139 (1984).

First, Valley Financial asserts that it is not a proper party to this case because it was not an employer of the plaintiff within the meaning of Title VII. Valley Financial asserts that it never directly employed the plaintiff and that the plaintiff was employed solely by Valley Bank, a

2

subsidiary of Valley Financial. A district court lacks subject matter jurisdiction over a Title VII claim if the defendant is not an employer as that term is defined. *Woodard v. Virginia Bd. of Bar Examiners*, 598 F.2d 1345, 1346 (4th Cir. 1979). Whether Valley Financial can be considered an "employer" of plaintiff will depend on whether Valley Financial exercises control over Valley Bank that exceeds the control normally exercised by a parent corporation.

Although a direct employment relationship provides the usual basis for liability under the civil rights statutes, the ambiguity of the term "employer" in the civil rights statutes has driven courts to fashion a variety of tests by which a defendant that does not directly employ the plaintiff may still be considered an employer under those statutes. *Hukill v. Auto Care, Inc.*, 192 F.3d 437, 442 (4th Cir. 1999). The Fourth Circuit has not adopted a specific test, such as the "integrated employer" test, to determine when a parent corporation is an "employer" under Title VII, *see Johnson v. Flower Industries, Inc.*, 814 F.2d 978, 981 (4th Cir. 1987) (declining to adopt such a mechanical approach to the issue of when a parent corporation is an employer), but it has stated that the relevant inquiry is whether there is "parent domination" of the subsidiary. *Id.* ("The parent company is the employer only if 'it exercises a degree of control that exceeds the control normally exercised by a parent corporation.'" (citation omitted)). In an employment context, the parent company can be the employer of a subsidiary's workers if it exercises excessive control in one of two ways: (1) The parent company controls the employment practices and decisions of the subsidiary; or (2) The parent might so dominate the subsidiary's operations that the parent and the subsidiary are one entity and, thus, one employer. *Id.*

The plaintiff has alleged that Valley Bank and Valley Financial are "substantially and functionally identical." *See* Complaint at 2. In essence, the plaintiff is alleging that Valley Bank

3

and Valley Financial are not substantively two distinct corporate entities, but for all intensive purposes are one and the same company. Such an allegation would meet the standard in *Flower Industries* as to when a parent corporation can be considered an "employer" under Title VII. Accepting the plaintiff's allegations as true and viewing the complaint in the light most favorable to the plaintiff, Valley Financial could be an employer under Title VII because Valley Financial and Valley Bank are alleged to be so interrelated as to constitute a single employer.

### III.

Second, Valley Financial asserts that it is not a proper party to this case because the plaintiff did not file a charge with the EEOC naming Valley Financial as a party to be sued when it brought the charge against Valley Bank. Valley Financial asserts that since it was not named during the EEOC proceedings, it did not have notice of the EEOC conciliation process and, thus, cannot be sued in court. Title VII specifies that an individual may bring an action against a party "named in the charge." 42 U.S.C. § 2000e-5(f)(1). Title VII claims have been dismissed against individual defendants not named in the EEOC charge. *See Mickel v. South Carolina State Employment Serv.*, 377 F.2d 239 (4th Cir. 1967). Since EEOC charges, however, are routinely filed by non-lawyers, the naming requirement is liberally construed. *Alvarro v. Board of Trustees of Montgomery Cmty. Coll.*, 848 F.2d 457, 460 (4th Cir. 1988). District courts of this Circuit have allowed a Title VII action to proceed against an individual not named in the EEOC charge where there is an "identity of interests" between the unnamed and named party. *See, e.g., Nicol v. Imagematrix, Inc.*, 767 F. Supp. 744, 750-51 (E.D. Va. 1991); *Mayo v. Questech, Inc.*, 727 F. Supp. 1007, 1011-12 (E.D. Va. 1989).

The district courts that have allowed a Title VII action to proceed against an unnamed

4

party under the "identity of interests" theory, have utilized the balancing test set forth by the Third Circuit in *Glus v. G.C. Murphy Co.*, 562 F.2d 880 (3d Cir. 1977). The *Glus* balancing test considers four factors in determining whether there is an "identity of interests": (1) Whether the role of the unnamed party could, through reasonable effort by the complainant, be ascertained at the time of the filing of the EEOC complaint; (2) Whether under the circumstances, the interests of the named party are so similar to the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance, it would be unnecessary to include the unnamed party in the EEOC proceedings; (3) Whether the unnamed party's absence from the EEOC proceedings resulted in actual prejudice to the interest of the unnamed party; and (4) Whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party. *Glus*, 562 F.2d at 888.

The plaintiff's complaint is sparse in allegations that may help the Court determine whether Valley Bank and Valley Financial had an "identity of interests." A complaint, however, is a short and concise statement of the claim and need not spell out every necessary fact or allegation. *See Conley*, 355 U.S. at 47 (". . . the Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim . . . all the Rules require is a short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."). Furthermore, the issue of whether it is allowable for a party that was unnamed during the EEOC proceedings to be sued in court, is a fact-intensive matter under the *Glus* balancing test. Such necessarily fact-bound questions are normally not decided by a motion to dismiss. *Cavalier Tel., LLC v. Verizon Va., Inc.*, 330 F.3d 176, 192 (4th Cir. 2003).

5

Thus, viewing the complaint in the light most favorable to the plaintiff with every reasonable inference in her favor, the Court finds that Valley Bank and Valley Financial may have an "identity of interests" under the *Glus* balancing test because: (1) The interests of Valley Bank and Valley Financial could be so similar since they have a parent-subsidiary relationship and it is alleged that the two corporations are in essence the same corporation; and (2) Valley Financial's absence from the EEOC proceedings would not result in actual prejudice to it because if the two corporations are in essence the same corporation, Valley Financial had notice when Valley Bank received notice.

## IV.

An appropriate order shall issue this day, that the defendant, Valley Financial's motion to dismiss is **Denied**.

The Clerk is directed to send certified copies of this Memorandum Opinion to all counsel of record.

ENTER: This *13th* day of September, 2005.

*/s/ James C. Turk*
The Honorable James C. Turk
Senior United States District Judge